NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-1612 & 10-2205
_____

JAY J. LIN,

Appellant

v.

CHASE CARD SERVICES;
REBECCA KASSL;
JOHN DOE AND JANE DOE,
TWO INDIVIDUALS WHOSE
REAL NAMES ARE UNKNOWN


_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Civil Action No. 3-09-cv-05938)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
March 8, 2011
_____

Before:  SCIRICA, AMBRO, and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: May 10, 2011)
_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Plaintiff-Appellant Jay J. Lin ("Lin") filed a complaint in the Superior Court of New Jersey against Defendants-Appellees Chase Bank USA, N.A., Chase Card Services ("Chase"), Rebecca Kassl, a Financial Service Advisor for Chase ("Kassl"), and John and Jane Doe ("Does," and together with Chase and Kassl, "Defendants"), alleging, *inter alia*, breaches of certain loan agreements, violations of New Jersey's various consumer protection laws, and criminal harassment. The Defendants removed the action to the United States District Court for the District of New Jersey.

After motions by both parties, Defendants moved to dismiss Lin's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Lin opposed the motion and cross-moved for summary judgment. The District Court granted the motion to dismiss, ruling that Lin's complaint did not comply with Federal Rule of Civil Procedure 8, and that New Jersey law does not recognize a civil action for criminal harassment. It also denied Lin's motion for summary judgment.

Lin filed a timely notice of appeal. We affirm the District Court's decision to grant Defendants an extension of their time to answer, move, or otherwise respond to the complaint. We also affirm its rejection of Lin's arguments.

Lin and Chase entered into an agreement by which Lin would transfer the balance of loans held by other lenders to his Chase account. In return, Chase agreed to consolidate the debt into a fixed, long-term loan with an annual interest rate of 4.99% and a minimum monthly payment of 2%. Lin also paid Chase an advance fee of 3% of the transferred amount. He alleges that in September 2009 Chase unilaterally increased the minimum payment due on his balance from 2% to 5%. Lin, via multiple correspondence

2

with Chase, objected to the increase and refused to remit more than the 2% initially agreed. In late September 2009, Kassl advised Lin that Chase had the right to increase the minimum monthly payment on his balance. A week later, Lin alleges that Chase began making harassing collection calls.[1] Lin responded by sending Kassl a letter rejecting Chase's claims and asking Kassl to discontinue all collection calls. That did not stop another unidentified caller from calling Lin at his home requesting payment on his outstanding balance. Although Lin demanded that the caller cease all future calls, they continued. Lin alleges that these calls on behalf of Chase were intentional and maliciously harassing, and as a result he suffered damages.

On October 13, 2009, Lin filed a complaint in the New Jersey Superior Court against Defendants, who removed the action to the District Court pursuant to 28 U.S.C. § 1441. Pursuant to Local Civil Rule 6.1(b) of the United States District Court for the District of New Jersey, they sought an extension of their time to answer, move, or otherwise respond to the complaint. Ten days later, they also moved to extend their time to respond pending transfer of the complaint to a Multidistrict Litigation Proceeding ("MDL Proceeding") in the Northern District of California. Defendants allege that most of Lin's causes of action were subject to be transferred to the MDL Proceeding.[2] On

---

[1] Lin's complaint identified the callers as the Does.

[2] Specifically, Defendants argued that all causes of action presented in Lin's complaint - involving (1) breach of the implied covenant of good faith and fair dealing, (2) unconscionability, (3) declaratory relief, (4) unjust enrichment/restitution, (5) breach of contract, (6) violation of state consumer protection statutes (including New Jersey Rev. Stat. 56:8-1, *et seq.*), and (7) violation of the Federal Truth in Lending Act - were subject to the MDL Proceeding. On June 26, 2009, Chase successfully obtained a Transfer

December 30, 2009, the District Court granted Defendants' motion for an extension of their time to answer, move, or otherwise respond to the complaint pending transfer to the MDL Proceeding.

Lin also alleged that neither of the Does had answered his complaint, and so he filed a motion to require their answer and a motion for judgment on the pleadings against them for harassment in violation of N.J.S.A. 2C: 33-4. On February 3, 2010, the District Court denied Lin's motion for judgment on the pleadings. It reasoned that Lin had not served the Does with a summons and a copy of the complaint within 120 days after the complaint was filed. All Defendants moved two days later to dismiss Lin's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The District Court granted their motion, and Lin timely appealed.

The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. On motions to dismiss, our standard of review is plenary, *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008),[3] while we review the District Court's grant of Defendants' application for an extension of time for abuse of discretion. *Planned Parenthood of Central New Jersey v. Att'y Gen. of the State of New Jersey*, 297 F.3d 253, 259 (3d Cir. 2004).

Order, entered by the United State Judicial Panel on Multidistrict Litigation, requiring a transfer to and coordination of all similar claims in the Northern District of California. (MDL Case No. M:09-cv-02032-MMC.)

[3] "When considering an appeal from a dismissal of a complaint pursuant to Rule 12(b)(6), we accept as true all well-pled factual allegations." *Santiago v. GMAC Mortg. Group, Inc.*, 417 F.3d 384, 386 (3d Cir. 2005) (citing *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997)).

4

Lin argues that the Defendants did not file their notice of removal within the applicable deadline; that they did not comply with 28 U.S.C. § 1446(d)'s requirement that Defendants promptly file a copy of their notice of removal with the state court clerk; and that they tried to mislead the District Court in their motion to extend their time to respond by purposely fabricating a claim that this newer action should be transferred to the MDL Proceeding. This is the first time in this litigation that Lin has raised these issues. Thus they are not preserved for appeal. "We have frequently noted 'the well-established rule that absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal." *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 219 (3d Cir. 1999) (citing *Patterson v. Cuyler*, 729 F.2d 925, 929 (3d Cir. 1984)). The requisite "compelling arguments" are not presented here, and so they are waived.[4]

Lin also alleges that the District Court erroneously granted Defendants' motion to dismiss. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may grant a motion to dismiss if the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The "[f]actual allegations must be

---

[4] Even had these issues been preserved, we would not have found them persuasive.

enough to raise a right to relief above the speculative level." *Id.* (internal citations and footnote omitted).

The District Court noted that Lin's complaint did not articulate any cause of action under which he sought recovery and thus did not satisfy the requirements of Fed. R. Civ. P. 8(a)(2). (Dist. Ct. Op. at 4; Appellant's App. at A-6). We agree with the Court in its conclusion that "Lin's complaint [, which] consists simply of vague factual allegations against the Chase Defendants[, is] conclusory in the extreme and do[es] not state a facially plausible right to relief." *Id.*

We also agree that a plaintiff does not have a civil cause of action against a defendant for an alleged violation of the New Jersey Penal Code Section 2C:33-4. *See Rooney v. Carlomagno*, 2010 WL 199397 (N.J. Super. Ct. App. Div. 2010). The *Rooney* court held that no private right of action exists under N.J.S.A. 2C:33-4 and dismissed the plaintiff's case. *Id.* at *2. It stated that "[w]e have specifically declined the opportunity to consider whether an act of harassment under N.J.S.A. 2C:33-4 creates a civil cause of action for damages." *Id.* Moreover, the Court believed that, as an intermediate appellate court, it was inappropriate to recognize a new cause of action because it "should normally defer to the [New Jersey] Supreme Court or to the [New Jersey] Legislature with respect to the creation of a new cause of action." *Id.* (quoting *Tynan v. Curzi*, 753 A.2d 187, 192 (App. Div. 2000)). Neither the New Jersey Supreme Court nor the State's Legislature has created a private cause of action under N.J.S.A. 2C:33-4, and we will not do so here.

We affirm.